1  COX, CASTLE & NICHOLSON LLP
Perry S. Hughes (State Bar No. 167784)
2  Scott R. Laes (State Bar No. 307894)
2029 Century Park East, Suite 2100
3  Los Angeles, California  90067-3284
Telephone: (310) 284-2200
4  Facsimile: (310) 284-2100
Email: phughes@coxcastle.com;
5  slaes@coxcastle.com

6  Attorneys for Plaintiff
Idemia America Corp.
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  IDEMIA AMERICA CORP., a
Delaware corporation,
12
Plaintiff,
13
v.
14
LEACH INTERNATIONAL
15  CORPORATION, a Delaware
corporation; ELDEMA LIGHTS INC., a
16  California corporation; GENISCO
TECHNOLOGY CORP., a Delaware
17  corporation; ENGINEERED
MAGNETICS, INC., a California
18  corporation; and DOES 1-20, inclusive,

19  Defendants.

20

21

22

23

24

25

26

27

28

Case No.   2:22-cv-6023

**COMPLAINT FOR:**

**(1) RESPONSE COSTS UNDER
CALIFORNIA SUPERFUND,
HEALTH AND SAFETY CODE**

**(2) LIABILITY FOR RESPONSE
COSTS UNDER CERCLA**

**(3) DECLARATORY RELIEF
UNDER CERCLA**

**(4) TRESPASS**

**(5) CONTINUING PRIVATE
NUISANCE**

**(6) CONTINUING PUBLIC
NUISANCE**

**(7) VIOLATION OF
CALIFORNIA BUSINESS &
PROFESSIONS COST SECTION
17200 ET SEQ.**

**JURY TRIAL DEMANDED**

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
LOS ANGELES, CA

088580\15767533v2

COMPLAINT

Plaintiff IDEMIA AMERICA CORP. ("**Plaintiff**") alleges as follows:

## I.   INTRODUCTION

1.      Plaintiff is a corporation organized under the laws of Delaware and licensed to do business, and conducting business, in California.

2.      As set forth more fully in the allegations below, Plaintiff acquired the real property located at 3150 East Ana Street and 18435 Susana Road, Compton, California ("**Site**"), in or around 1998.

3.      On information and belief, volatile organic compound ("**VOC**") contamination related to historic operations at the Site were first discovered in the soil and groundwater in 1988.

4.      Defendant LEACH INTERNATIONAL CORPORATION ("**Leach International**"), by its predecessor-in-interest, Leach Corporation, conducted manufacturing operations at the Site from 1958 until 1962, manufacturing aircraft relays and electronics. On information and belief, in 1994, Leach Corporation merged with Leach Relais and Elektronic to form Leach International, which remains in operation today performing the same or substantially similar manufacturing activities as Leach Corporation performed at the Site from 1958 until 1962. These operations are known to have utilized VOCs such as those previously found on the Property, including without limitation perchloroethylene (PCE) and trichloroethylene (TCE).

5.      Defendant ELDEMA LIGHTS INC. ("**Eldema**") conducted manufacturing operations at the Site from 1964 until 1971, manufacturing indicator lights products and electronics. These operations are known to have utilized VOCs such as those previously found on the Property, including without limitation perchloroethylene (PCE) and trichloroethylene (TCE).

6.      Defendant GENISCO TECHNOLOGY CORP. ("**Genisco**") conducted manufacturing operations at the Site from 1971 until 1991, operating a plating operating and manufacturing military computers and electronics. These operations

1    are known to have utilized VOCs such as those previously found on the Property,

2    including without limitation perchloroethylene (PCE) and trichloroethylene (TCE).

3        7.    Defendant ENGINEERED MAGNETICS, INC. ("**EMI**") conducted

4    manufacturing operations at the Site from 1991 until 1996, manufacturing various

5    electrical and power equipment. These operations are also believed to have utilized

6    VOCs such as those previously found on the Property, including without limitation

7    perchloroethylene (PCE) and trichloroethylene (TCE). Though EMI performed

8    some limited remediation of the soil and groundwater, significant amounts of VOCs

9    were left behind in both the soil and groundwater at the conclusion of those

10    remedial efforts.

11        8.    To date, Plaintiff has spent millions of dollars investigating and

12    cleaning up the Site. Plaintiff has ample evidence that Leach International, Eldema,

13    Genisco and EMI owned, operated, used, and maintained facilities at, on, or near

14    the Site that allowed the release, discharge, or other placement of the contaminants

15    that Plaintiff has since found.  Plaintiff has filed this action to seek response costs,

16    damages, declaratory relief, and any and all other relief allowable under law.

17    **II.    DEFENDANTS**

18        9.    On information and belief, Leach International is a Delaware

19    corporation who was and is conducting business in California. Leach International's

20    predecessor-in-interest, Leach Corporation, operated, controlled and/or used the

21    Site in order to conduct manufacturing operations from 1958 until 1962. On

22    information and belief, in 1994, Leach Corporation merged with Leach Relais and

23    Elektronic to form Leach International, which remains in operation today

24    performing the same or substantially similar manufacturing activities as Leach

25    Corporation performed at the Site from 1958 until 1962.

26        10.    On information and belief, Eldema is a California corporation who at

27    all relevant times was conducting business in California. Eldema operated,

28    controlled and/or used the Site in order to conduct manufacturing operations from

**LAW OFFICES OF**
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

088580\15767533v2                                           - 3 -

1   1964 until 1971.

2       11.    On information and belief, Genisco is a Delaware corporation who at

3   all relevant times was conducting business in California. Genisco operated,

4   controlled and/or used the Site in order to conduct manufacturing operations from

5   1971 until 1991.

6       12.    On information and belief, EMI is a California corporation who at all

7   relevant times was conducting business in California. EMI operated, controlled

8   and/or used the Site in order to conduct manufacturing operations from 1991 until

9   1996.

10      13.    The true names and capacities of the defendants sued herein as DOES

11  1-20 are currently unknown to Plaintiff, who therefore sues such defendants by

12  fictitious names. Each of the defendants designated herein as one of DOES 1-20 is

13  legally responsible for the unlawful acts alleged herein by working in concert with

14  the other named and unnamed defendants. Leach International, Eldema, Genisco,

15  EMI and DOES 1-20 are hereinafter referred to as the "**Defendants**."

16  **III.    JURISDICTION AND VENUE**

17      14.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

18  § 9613(b), which confer jurisdiction upon a matter if the matter arises out of federal

19  law. The Court has supplemental state law jurisdiction over the pendent state law

20  claims pursuant to 28 U.S.C. § 1367. The state law claims that Plaintiff asserts are

21  so related to the federal claims that such claims form part of the same case or

22  controversy under Article III of the United States Constitution.

23      15.    This Court has jurisdiction over all Defendants because they conduct

24  and have conducted business in California, have sufficient minimum contacts with

25  the State, and otherwise intentionally avail themselves of the California market

26  through the promotion, sale, marketing, and distribution of their productions or

27  services so as to render the exercise of jurisdiction over them by California courts

28  consistent with traditional notions of fair play and substantial justice. Additionally,

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

088580\15767533v2                                        - 4 -

1   Defendants' wrongful conduct occurred in California and foreseeably affects or has

2   affected citizens of California.

3       16.    Venue is appropriate in this Court based on 28 U.S.C. § 1391(b) and

4   42 U.S.C. §§ 6972(a) and 9613(b) because, upon information and belief,

5   Defendants reside, transact business, or have an office or offices in this district and

6   the acts and omissions alleged herein took place in this district.

7       17.    Additionally, a substantial part of the events or omissions giving rise

8   to these claims, and the real property affected, is in Compton, which is in this

9   District.

10  **IV.   FACTUAL ALLEGATIONS**

11      18.    Plaintiff purchased the Site in or about 1998.

12      19.    After Plaintiff purchased the Site and operated its business from the

13  Site, Plaintiff encountered high concentrations of contaminants that required

14  removal. Soil and groundwater at the Site were impacted with VOCs, including

15  perchloroethylene (PCE) and trichloroethylene (TCE).

16      20.    Plaintiff promptly hired an environmental consultant to investigate the

17  Site and understand the environmental conditions on, under and at the Site.

18      21.    Beginning in 2019, Plaintiff worked under the oversight of the

19  California Regional Water Quality Control Board, Los Angeles Region

20  ("**RWQCB**") regarding investigation and remediation of the Site.

21      22.    Plaintiff's consultant concluded as a result of its investigation that the

22  contamination at the Site was at least partly attributable to Defendants' ownership

23  of and/or operation at the Site.

24      23.    During the period of time that Defendants conducted operations at the

25  Site, on information and belief, Defendants used the Site in order to conduct

26  manufacturing operations. Plaintiff's consultant determined that the industrial

27  operations at the Site, including Defendants' operations, have included the

28  documented use of: primers, paints (epoxy and polyurethane), paint thinner,

toluene, isopropyl alcohol, paint strip, marking inks (epoxy), copper cyanide, flux and flux thinner, various epoxy-based materials, methyl ethyl ketone (MEK), silicon-based potting materials, varnish, xylene, parylene dimer (dichloroparacyclophane), humiseal coating with toluene, isopropyl alcohol, urethane and acrylic-based coatings, muriatic acid, iron, caustic cleaner, methylene chloride, trichloroethylene (TCE), tetrachloroethylene (PCE), zinc chromate, pressurized gases (argon, nitrogen), an amine catalyst, alkaline tin, alkaline copper, lead tin, and algaecide and bacteriostat, among other chemicals. And documented hazardous wastes generated at the Site have included: freon (TMS), hydraulic fluid, varnish with xylene, S-711 solvent (a welding solvent), MEK, toluene, diesel fuel, isopropyl alcohol, methanol, trichlorofuoromethane, , petroleum distillates, chromic acid, Alodine 1200 and irridite solution (powdered chromic acid solutions), various adhesives, primers, acid solutions, and waste oxidizer.

24.    Plaintiff alleges based on information and belief that Defendants, and each of them, through their acts or omissions at different times, employed environmentally substandard practices or structures, or both, for handling, storing, using, treating, disposing, releasing, transporting or abandoning various materials and wastes at or near the Site, in violation of federal and state environmental laws including but not limited to the California Health and Safety Code and Comprehensive Environmental Response, Compensation, and Liability Act, known as CERCLA or Superfund.

25.    Plaintiff is informed and believes and thereupon alleges that Defendants caused, created, maintained, and/or contributed to such substandard conditions and practices, failed to abate such conditions or allowed third parties to create or maintain such conditions, which allowed contamination at the Site either intentionally or negligently or through the willful acts or omissions of Defendants.

26.    To date, Plaintiff has incurred more than $4 million in damages related to the investigation and completion of the remediation necessary to address the

1    contamination left behind by the Defendants, and bring the Property into

2    compliance with current clean-up standards, and other costs. Plaintiff anticipates

3    that it will continue to incur significant costs in connection with additional clean-up

4    efforts in the future.

5    **FIRST CAUSE OF ACTION**

6

7    **RESPONSE COSTS UNDER CALIFORNIA SUPERFUND, HEALTH & SAFETY CODE § 25363 ET SEQ.**
**(AGAINST ALL DEFENDANTS)**

8

9    27.    Plaintiff repeats and realleges each and every allegation of this

10    Complaint as if fully set forth herein.

11    28.    California Health & Safety Code section 25363(e) allows any person

12    who has incurred removal costs to seek contribution or indemnity from any person

13    who is liable.

14    29.    Plaintiff is informed and believes and thereupon alleges that

15    Defendants, and each of them, are persons or entities liable under the statute

16    because they caused, contributed, or augmented the hazardous substances that have

17    intruded, encroached, contaminated or otherwise interfered with Plaintiff's interest

18    in the Site.

19    30.    The contaminants unlawfully released, dumped, disposed, or

20    abandoned on the Site include substances specifically listed or designated as

21    hazardous substances within the meaning of California Health & Safety Code §

22    25316.

23    31.    The Site constitutes a facility for purposes of the California Superfund

24    law.

25    32.    As a proximate cause of Defendants' release of hazardous substances

26    into the environment and onto the Site, Plaintiff has had to incur, and will have to

27    incur, significant necessary response costs, including attorneys' fees and expert

28    fees, for which Defendants are strictly liable pursuant to California Health & Safety

1    Code § 25316.

2        33.    Plaintiff seeks contribution and indemnity from Defendants for all

3    response costs under California Health & Safety Code § 25363.

4        34.    Due to Defendants' actions, Plaintiff has been harmed and is entitled

5    to the costs of cleanup, fees, and costs in an amount to be determined by proof.

6                          **SECOND CAUSE OF ACTION**

7                **RESPONSE COST RECOVERY UNDER CERCLA**

8                        **(AGAINST ALL DEFENDANTS)**

9        35.    Plaintiff repeats and realleges each and every allegation of this

10   Complaint as if fully set forth herein.

11       36.    Plaintiff is a person as defined under CERCLA, 42 U.S.C. § 9601(21).

12       37.    Plaintiff is not and at all material times has not been a "covered

13   person" or responsible party pursuant to CERCLA, 42 U.S.C. § 9607.

14       38.    Plaintiff is informed and believes that Defendants are "persons" as

15   defined in CERCLA, 42 U.S.C. § 9601(21).

16       39.    Plaintiff is informed and believes and thereupon alleges that

17   Defendants, and each of them, are and at all material terms were, "owners" or

18   "operators," or both, as defined in CERCLA 42 U.S.C. § 9601 *et seq.* of the Site at

19   the location described above.

20       40.    Plaintiff is informed and believes and thereupon alleges that

21   Defendants operated a facility as defined by CERCLA, 42 U.S.C. § 9601.

22       41.    For the reasons set forth above, Plaintiff is informed and believes and

23   thereupon alleges that some of the various materials and wastes, including PCE and

24   TCE, that Defendants stored, transported, used, treated, and discharged or materials

25   and wastes that were dumped, spilled, leaked, released, abandoned, and/or disposed

26   of at the Site constitute substances specifically listed or having characteristics

27   designating them as "hazardous substances" as defined in CERCLA, 42 U.S.C. §

28   9601 *et. seq.* The contaminants that Defendants stored, transported, used, treated,

**LAW OFFICES OF**
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

088580\15767533v2                                    - 8 -

1   discharged, dumped, spilled, leaked, released, abandoned, and disposed of onto the

2   Site include substances specifically listed or designated as hazardous substances

3   within the meaning of California Health & Safety Code § 25316 and as listed or

4   designated as hazardous substances pursuant to CERCLA, 42 U.S.C. § 9602.

5   Plaintiff is informed and believes that some of the contaminants stored, transported,

6   used, treated, discharged, dumped, spilled, leaked, released, abandoned, and

7   disposed of by Defendants are hazardous wastes pursuant to the California

8   Hazardous Waste Control Law, RCRA, and CERCLA, and the regulations

9   implementing these statutes as well as other applicable laws and regulations.

10   Plaintiff is informed and believes and thereupon alleges that Defendants are persons

11   liable under CERCLA because through their actions or omissions, Defendants

12   caused, contributed, or augmented the hazardous substances and waste that was

13   stored, transported, used, treated, discharged, dumped, spilled, leaked, released,

14   abandoned, and disposed of at and near the Site, thereby intruding, encroaching,

15   contaminating or otherwise interfering with Plaintiff's interest in the Site and free

16   use and enjoyment of the Site.

17        42.   Plaintiff is informed and believes and thereupon alleges that a release,

18   as defined in CERCLA, 42 U.S.C. § 9601 *et. seq.*, of hazardous substances has

19   occurred from the Site.

20        43.   Plaintiff is informed and believes and thereupon alleges that

21   Defendants are "covered persons" or responsible parties pursuant to CERCLA §

22   107, 42 U.S.C. § 9607.

23        44.   Plaintiff is informed and believes and on that basis alleges that

24   Defendants caused and arranged for disposal of the hazardous substances at or near

25   the Site in a manner that polluted the Site and impacted surrounding areas.

26        45.   Plaintiff is informed and believes, and on that basis alleges, that

27   Defendants arranged for disposal of the hazardous substances at the Site in a

28   manner that polluted the Site and impacted surrounding areas, including the Site.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

088580\15767533v2

1    46.    As a direct and proximate result of Defendants' release(s) of hazardous

2  substances into the environment that have occurred on, under, from, or in the

3  vicinity of the Site, Plaintiff has had to incur and will incur necessary removal,

4  remedial action, and response costs as defined in CERCLA § 101(25), 42 U.S.C. §

5  9601, including attorneys' fees and expert witness' fees, for which Defendants are

6  strictly liable pursuant to CERCLA. All of the costs Plaintiff has incurred to

7  remove, remediate, or otherwise address the contamination from the Site have been

8  in accordance with CERCLA. The response costs that it has incurred are in

9  compliance with the applicable provisions of the National Contingency Plan as

10  provided for in 42 U.S.C. §§ 9605 and 9607(a)(4)(B) and 40 C.F.R. Part 300.

11    47.    Plaintiff seeks from Defendants reimbursement and recovery of all

12  removal and remedial action costs and response costs pursuant to CERCLA, 42

13  U.S.C. § 9607(a), for all removal, remedial action, and response costs that Plaintiff

14  has incurred due to the release/s on, under, from, or in the vicinity of the Site,

15  which were released while Defendants were the owner and/or operator of the Site

16  and its facilities, respectively.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF, UNDER CERCLA
## (AGAINST ALL DEFENDANTS)

21    48.    Plaintiff hereby incorporates by reference all of the allegations

22  contained in the preceding paragraphs of this Complaint as though the same were

23  fully set forth herein.

24    49.    Pursuant to 42 U.S.C. § 9607, Plaintiff is entitled to a declaratory

25  judgment establishing the liability of Defendants, for such response costs for the

26  purposes of this and any subsequent action or actions to recover further response

27  costs.

28  ///

**LAW OFFICES OF**
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

088580\15767533v2

- 10 -

# FOURTH CAUSE OF ACTION

## TRESPASS
### (AGAINST ALL DEFENDANTS)

50.    Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

51.    Defendants' unlawful release, dumping, disposal, treatment, abandonment, and failures to investigate caused or contributed to contamination at the Site and beyond, including but not limited to PCE and TCE which physically intruded upon the Site, constituting a permanent as well as a continuing trespass.

52.    Defendants released, dumped, disposed, treated and abandoned various materials and wastes, or allowed such release, dumping, disposal, treatment or abandonment, without the authority of Plaintiff or any of its predecessors in interest and without taking any remedial actions to address the materials and wastes at the Site. Defendants' conduct has been carried on with a conscious disregard of Plaintiff's enjoyment of its Site, including but not limited to Plaintiff's right to be free of any obligation to clean up or abate hazardous materials released, dumped, disposed, treated and abandoned by Defendants. Defendants' conduct constitutes trespass to the Site and beyond.

53.    The intrusions of various materials and wastes by Defendants unreasonably interfered with Plaintiff's possession, use, and enjoyment of the Site. Due to the intrusion of various materials and wastes by Defendants, Plaintiff has suffered damages, and will suffer damages, as set forth above, including other consequential, incidental and general damages in an amount to be determined by proof.

54.    Furthermore, Defendants unlawfully acted to increase its profits with respect to its activities on and at the Site, such that Plaintiff is entitled to a disgorgement of any such profits.

1

2

3

## FIFTH CAUSE OF ACTION

### CONTINUING PRIVATE NUISANCE
### (AGIANST ALL DEFENDANTS)

4      55.    Plaintiff repeats and realleges each and every allegation of this

5   Complaint as if fully set forth therein.

6      56.    Defendants' unlawful release, dumping, disposal, treatment and

7   abandonment of various materials and wastes, including but not limited to PCE and

8   TCE, interfered with Plaintiff's free use and enjoyment of its Site. Defendants'

9   release, dumping, disposal, treatment and abandonment of various materials and

10   wastes onto the Site have caused injury to the Site and Plaintiff.

11      57.    Plaintiff did not consent or ever sanction Defendants' unlawful release,

12   dumping, disposal, treatment and abandonment of various materials and wastes at

13   the Site.

14      58.    Defendants' interference with Plaintiff's use and enjoyment of the land

15   was and is substantial.

16      59.    Defendants' actions caused, and continue to cause, Plaintiff to suffer

17   damage as set forth above, including other consequential, incidental and general

18   damages in an amount to be determined by proof.

19   ## SIXTH CAUSE OF ACTION

20

21   ### CONTINUING PUBLIC NUISANCE
### (AGAINST ALL DEFENDANTS)

22      60.    In its capacity as private attorney general or otherwise, Plaintiff repeats

23   and realleges each and every allegation of this Complaint as if fully set forth

24   therein.

25      61.    Defendants' release, dumping, disposal, treatment and abandonment of

26   various materials and wastes, including PCE and TCE, onto the Site and

27   surrounding areas gives rise to a public nuisance which affects not only Plaintiff,

28

**LAW OFFICES OF**
**COX, CASTLE &**
**NICHOLSON LLP**
LOS ANGELES, CA

088580\15767533v2                               - 12 -

1    but also the entire adjacent community and the comfort and convenience of

2    residents and visitors who use the Site and adjoining areas.

3        62.    These conditions caused by Defendants' conduct substantially

4    devalued the use and enjoyment of the Site, which Plaintiff has spent, and will

5    continue to spend, considerable sums to investigate, maintain, and remediate;

6    therefore, Plaintiff has suffered injuries different in kind from those suffered by the

7    general public.

8        63.    Plaintiff, in its capacity as private attorney general, alleges that as a

9    proximate result of the conditions caused by Defendants' conduct, the Site and

10   other property have been damaged. Plaintiff has suffered special injuries associated

11   with the investigation and remediation. At the same time, the conditions caused by

12   Defendants' conduct have affected the entire community and the comfort and

13   convenience of a considerable number of residents and visitors who use the Site and

14   adjoining areas.

15       64.    Plaintiff, in its capacity as private attorney general, asserts that its

16   litigation against Defendants: (a) raises strong issues of public importance and

17   policy which are in need of vindication by litigation; (b) presents the necessity for

18   private enforcement of said issues and rights, the resulting burden of which falls on

19   Plaintiff; and (c) will benefit the health and safety of the community.

20       65.    Plaintiff, as a private attorney general, seeks to recover reasonable

21   attorneys' fees and costs incurred in prosecuting this action.

22       66.    Defendants' actions caused Plaintiff to suffer damages as set forth

23   above, including other consequential, incidental and general damages in an amount

24   to be determined by proof.

25   ///

26   ///

27   ///

28   ///

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200
### (AGAINST ALL DEFENDANTS)

67.     In its capacity as private attorney general or otherwise, Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth therein.

68.     California Business & Professions Code § 17200 *et seq*. prohibits unfair competition that is an unfair, unlawful, or a fraudulent business act or practice.

69.     Defendants engaged in unfair competition through unfair, or unlawful business acts or practices by maintaining environmentally substandard conditions at the Site, by contaminating and failing to remediate the environment, and by a number of other activities that substantially interfered with Plaintiff's enjoyment of its Site. At a minimum, Plaintiff is informed and believes failure to correct such conditions resulted in Defendants not incurring costs to prevent release, dumping, disposal, treatment and abandonment of various materials and wastes at and from the Site.

70.     As a result of Defendants' unlawful and unfair business practices, Plaintiff has been harmed, and will suffer additional harm, and is entitled to restitution in an amount to be determined by proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands trial by jury and prays for judgment as follows:

1.     For damages incurred to investigate and remediate the affected areas, including but not limited to the Site;

2.     For damages to Plaintiff's enjoyment of its interests in property, in an amount to be determined by proof;

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

088580\15767533v2

- 14 -

3.    For an order requiring Defendants to assume the cost or remediation of the land and to reimburse Plaintiff for the amounts already expended;

4.    For declaratory relief and injunctive relief;

5.    Attorneys' fees through law, contract or statute;

6.    Costs of suit;

7.    Prejudgment interest; and

8.    All other relief that the Court may deem just and proper.

DATED:    August 24, 2022                    COX, CASTLE & NICHOLSON LLP

By: _____
Perry S. Hughes
Scott R. Laes
Attorneys for Plaintiff
Idemia America Corp.